IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLOBE TURNER, LLC** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-6673 |
| | : | |
| **CONVERSATIONPRINTS, LLC** | : | |
| | : | |

MEMORANDUM OPINION

**Henry, J.**                                                                                                    **August 13, 2025**

Plaintiff, Globe Turner, LLC ("Globe Turner"), sued Defendant, ConversationPrints, LLC ("ConversationPrints"), in connection with alleged copyright infringement. Globe Turner now moves for entry of default judgment against ConversationPrints, who has not responded or otherwise participated in this litigation. The Court grants Globe Turner's motion, enters default judgment, and sets a hearing on the issue of damages.

I. **BACKGROUND**

The Court should accept as true the well-pleaded factual allegations of the Complaint on consideration of a motion for default judgment. *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008). The facts as set forth in the Complaint are as follows: The works at issue in this case are a series of maps (the "Copyrighted Works"). The Copyrighted Works were originally created by non-parties MapQuest and GeoNova Publishing. ECF No. 1 ("Compl.") ¶ 10. In May 2012, Globe Turner became successor in interest to and copyright owner of the Copyrighted Works, which are registered with the United States Copyright Office. *Id.* ¶¶ 11-12. Globe Turner publishes, distributes, and displays the Copyrighted Works both print and online for profit. *Id.* ¶ 13.

1

ConversationPrints is similarly in the business of publishing and distributing maps and other images. *Id.* ¶ 15. According to Globe Turner, ConversationPrints has sold copies of the Copyrighted Works on Amazon.com, Etsy.com, and Conversationprints.com, all without Globe Turner's consent. *Id.* at ¶¶ 16-17. Globe Turner received no compensation for ConversationPrints's sales of the Copyrighted Works. *Id.* ¶ 17.

Globe Turner's counsel sent ConversationPrints a cease and desist letter on December 3, 2024 objecting to ConversationPrints's use of the Copyrighted Works. *Id.* ¶ 20. On December 13, 2024, Globe Turner sued, bringing claims against ConversationPrints for federal copyright infringement pursuant to 17 U.S.C. § 501. Upon ConversationPrints's failure to respond or otherwise participate in the litigation, the Court entered default against it on March 18, 2025. *See* ECF No. 10. On May 19, 2025, Globe Turner moved for default judgment against ConversationPrints, *see* ECF No. 13, and a hearing on the motion was held on June 23, 2025, *see* ECF No. 17.

## II. SERVICE

Before entering default judgment, the Court must determine whether the defendant was properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Globe Turner filed a Certificate of Service on January 8, 2025, indicating that it had personally served ConversationPrints at a Litvonia, Michigan address on December 19, 2024. *See* ECF No. 5. Globe Turner's counsel had determined this address from ConversationPrints's website. ECF No. 18-1 ("Harter Aff.") at ¶ 3. On January 28, 2025, after ConversationPrints failed to answer or otherwise respond to the Complaint, Globe Turner moved for an entry of default. *See* ECF No. 7. On February 3, 2025, Globe Turner's counsel received an email from

Lina Asmar, Esq., located at a Southfield, Michigan address, stating that she represented ConversationPrints and claiming that service was improper because it was not made on her office as ConversationPrints's resident agent. Harter Aff. at ¶¶ 7-8. Counsel for Globe Turner thus researched ConversationPrints's status with the State of Michigan and determined that Attorney Asmar's office address was indeed the registered address for ConversationPrints. *Id.* at ¶ 9. Therefore, upon the Court's February 5, 2025 Order directing Globe Turner to make service upon ConversationPrints by February 11, 2025, *see* ECF No. 8, counsel for Globe Turner had a process server personally serve Attorney Asmar's address on February 10, 2025, *see* Harter Aff. at ¶ 10. On February 11, 2025, Globe Turner filed a certificate of service indicating as much. *See* ECF No. 9.

Under the Federal Rules of Civil Procedure, a corporation, partnership, or association may be served pursuant to the law of the state in which the district court is located or the law of the state in which service is effected, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(h). Service would be proper here under the law of both Pennsylvania, where this Court is located, and Michigan, where service was effected.

In Pennsylvania, service upon a corporation or similar entity may be made "by handing a copy to any of the following persons . . . : (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation . . . , or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424. A "person for the time being in charge" of any office or usual place of business "must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the

3

affidavit of service." *Grand Ent. Grp., Ltd.*, 988 F.2d at 486.  In Michigan, service of process upon an LLC may be made by "serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent."  Mich. Ct. R. 2.105(H)(1).  Here, Attorney Asmar represented to Globe Turner that she was the resident agent for ConversationPrints, giving her both "a direct connection to the party being served" as required in Pennsylvania and directly meeting the service requirement upon a "resident agent" in Michigan.  I thus hold that service was proper.[1]

### III. JURISDICTION

The next task before the Court is to determine whether jurisdiction is proper.  *See D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (internal quotations omitted).  In considering both subject matter and personal jurisdiction, I am satisfied that jurisdiction is proper in this case.

#### A. Subject Matter Jurisdiction

The Court properly has subject matter jurisdiction over this case because this is an action for federal copyright infringement brought pursuant to 17 U.S.C. § 501.  *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.")

---

[1] I note that, in his affidavit accompanying Plaintiff's Default Judgment Hearing Memorandum, counsel for Globe Turner discusses correspondence with Attorney Asmar that he had following service of process the second time.  Attorney Asmar apparently informed counsel for Globe Turner that she had not been served.  Harter Aff. at ¶ 11.  Counsel for Globe Turner investigated this claim and became satisfied that service was in fact made.  *Id.* at ¶ 12.  I have no reason to doubt the truth of the affidavit of service on the record absent evidence to the contrary from ConversationPrints, and note that because ConversationPrints had notice of the case at hand due to correspondence with counsel for Globe Turner, ConversationPrints would have been capable of challenging service by having an attorney enter an appearance and moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

### B. Personal Jurisdiction

The Court also has personal jurisdiction over ConversationPrints. Personal jurisdiction can be either general or specific. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "General jurisdiction allows a court to exercise jurisdiction over the defendant unrelated to the Plaintiff's cause of action but requires that the defendant's contacts be 'so "continuous and systematic" as to render them essentially at home in' this state." *Camber Spine Techs. v. Intermed Res. TN, LLC*, No. 22-cv-3648, 2023 WL 5182597, at *4 (E.D. Pa. Aug. 11, 2023) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is considered "at home" where it is incorporated and where it has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). This rule applies to limited liability companies with "equal force." *Blanding v. Walmart Inc.*, No. 23-cv-5142, 2024 WL 3433321, at *3 (E.D. Pa. July 15, 2024). ConversationPrints is a limited liability company formed under the laws of Michigan with a business address in Michigan, so this Court does not have general jurisdiction over it.

Specific jurisdiction, on the other hand, "exists 'when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum.'" *Camber Spine Techs.*, 2023 WL 5182597, at *4 (quoting *Mellon Bank (East) PSFS, Nat'l. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)). Specific personal jurisdiction exists where (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) if the prior two requirements are met, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *See O'Connor*, 496 F.3d at 317. I hold that ConversationPrints has the sufficient "minimum contacts" with the Eastern District of Pennsylvania required to establish specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

In the context of a default judgment, a plaintiff can satisfy its burden to demonstrate that personal jurisdiction is proper with a *prima facie* showing. *See D'Onofrio*, 430 F. Supp. 2d at 438. Plaintiffs "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Id.* (internal citations omitted). Indeed, this lesser, *prima facie* burden "is sensible" because "[a] defendant's decision, after being properly served, to not participate (or to not appear specially to challenge the existence of personal jurisdiction) deprives a plaintiff and the court of the opportunity to conduct jurisdictional discovery." *Gen. Nutrition Inv. Co. v. Laurel Season, Inc.*, No. 20-cv-691, 2020 WL 5077465, at *2 (W.D. Pa. Aug. 26, 2020).

In its Complaint, Globe Turner alleges that ConversationPrints has sold copies of the Copyrighted Works on Amazon.com, Etsy.com, and ConversationPrints.com. Compl. ¶ 16. Globe Turner included as an appendix to its Default Judgment Hearing Memorandum (ECF No. 18) ("Hearing Memo") copies of sales receipts of some of the allegedly infringing maps from Etsy.com, Amazon.com, and ConversationPrints.com. *See* ECF No. 18-3 ("Infringement App'x") at 285-294. The Amazon.com and ConversationPrints.com sales receipts are addressed to Globe Turner's business address. *See id.*; Compl. ¶ 8. The Etsy receipt does not have an address or name to whom the order was to be shipped. Although Globe Turner does not include this information as the basis for its assertion of personal jurisdiction, I find this information to be relevant, as discussed more below.

Globe Turner's assertion that the Court has personal jurisdiction over ConversationPrints rests on its argument that it has shown "(1) [ConversationPrints] split off a Pennsylvania map from a published work; (2) that the target market for that Pennsylvania map is Pennsylvania residents; (3) that the map was stolen from Pennsylvania companies; and (4) that Defendant has had every opportunity to challenge personal jurisdiction if it wanted to do so." Hearing Memo at 4-5. Indeed,

6

Globe Turner asserts that ConversationPrints purposefully directed its activities toward Pennsylvania because, among the Copyrighted Works it allegedly infringed upon were Pennsylvania maps, and "[i]t is common sense that sales of a given map are intended for residents of that area or individuals intending to visit that area." *Id.* at 3. Although I commend Globe Turner for this novel argument, I do not think it would be sufficient to establish personal jurisdiction alone. However, I do find that these facts weigh in favor of showing that ConversationPrints purposefully directed its activities to Pennsylvania residents.

Instead, I hold that Globe Turner has met its burden of making a *prima facie* showing of personal jurisdiction based on its use of online storefronts allowing sales—and actual sales made—to residents of Pennsylvania. This Court has held before that an interactive website and use of Amazon's storefront, along with proof of sales to a plaintiff's counsel in Pennsylvania is sufficient to make a *prima facie* showing that a company has purposefully directed its activities at Pennsylvania for the purposes of default judgment. *See BGSD, Inc. v. SpazeUp, LLC*, No. 23-cv-4855, 2024 WL 1619279, at*3 (E.D. Pa. Apr. 15, 2024). I hold the same here.

It is widely accepted that use of a commercially interactive website alone is not sufficient to establish personal jurisdiction. *See Kloth v. S. Christian Univ.*, 320 Fed. Appx. 113, 116 (3d. Cir. 2008). There must be "something more" beyond an interactive website that merely allows sales to Pennsylvania to show that a company purposefully directed its activities to the state. *See Utz Quality Foods, LLC v. Dirty South BBQ Co.*, No. 20-cv-1146, 2020 WL 4334903, at *3 (E.D. Pa. July 28, 2020) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)). And courts have held that "a sale within the forum state that is 'orchestrated' by the plaintiff for the purpose of litigation does not show the type of 'purposeful availment' that is necessary for the existence of personal jurisdiction." *Murphy v. Humboldt Clothing Co.*, No. 20-cv-58, 2021 WL 307541, at *4 (W.D. Pa. Jan. 29, 2021). But all of these cases were before the courts on motions

7

to dismiss, and I must distinguish such cases that discuss personal jurisdiction in the context of a motion to dismiss from those that deal with a motion for default judgment. *See Gen. Nutrition Inv. Co.*, 2020 WL 5077465, at *2 ("There is a reduced standard to demonstrate personal jurisdiction in the context of a default judgment.").

In the context of a motion to dismiss, where a plaintiff alleges personal jurisdiction based on e-commerce and a defendant challenges personal jurisdiction, courts may allow jurisdictional discovery for the plaintiff to further prove that defendant has purposefully availed itself of the forum. *See, e.g.*, *Murphy*, 2021 WL 307541 (denying Defendant's motion to dismiss for lack of personal jurisdiction and granting leave to conduct jurisdictional discovery); *Globe Turner, LLC v. Reliable Map Co. of Florida, LLC*, No. 22-cv-4578, 2024 WL 5453792 (E.D. Pa. Aug. 29, 2024) (same). But in such cases, the defendants had appeared to make a challenge to personal jurisdiction. Here, ConversationPrints has not appeared, and thus, Globe Turner is practically foreclosed from engaging in jurisdictional discovery. *See Gen. Nutrition Inv. Co.*, 2020 WL 5077465, at *2.

In *General Nutrition*, a trademark infringement case, the plaintiff moved for default judgment against a defendant who did not participate in the case. The plaintiff argued that the court had personal jurisdiction over the defendant because (1) the defendant directed trademark infringement at a company it knew was headquartered in Pennsylvania, (2) the defendant's primary business was the sale of plaintiff's unauthorized trademarked goods through an Amazon storefront, (3) the defendant chose to participate in Amazon's "Fulfillment by Amazon" program, which shipped products all around the United States, including Pennsylvania, (4) the defendant sold over 22,000 units of goods, which supported an "inference that regular and systematic sales were made in Pennsylvania," and (5) the defendant chose not to appear in the action. *Id.* at *2. The court held that the plaintiff made a *prima facie* showing of minimum contacts because "[b]ased on the

8

existing record, there [was] a substantial reason to believe that [the defendant] purposefully directed its activities to Pennsylvania." *Id.*

The court distinguished *Guidecraft, Inc. v. OJCommerce, LLC*, No. 18-cv-01247, 2019 WL 2373440 (W.D. Pa. May 20, 2019), report and recommendation adopted, 2019 WL 2371645 (W.D. Pa. June 5, 2019).  In that case, "the court concluded that nationwide sales through a website were insufficient to support jurisdiction and there must be evidence of deliberate targeting of the forum state." *Gen. Nutrition Inv. Co.*, 2020 WL 5077465, at *3.  The *General Nutrition* court held that its case was different because in *Guidecraft*, "the defendant specially appeared to challenge personal jurisdiction," so the plaintiff "had to present evidence to demonstrate personal jurisdiction by a preponderance of the evidence, rather than the lesser showing applicable to [the plaintiff] in [*General Nutrition*] because [the defendant] chose not to appear." *Id*.

 My reasoning here is similar to that in *General Nutrition*.  Given Globe Turner's showing that:  (1) ConversationPrints operates or otherwise sold the allegedly infringing works on commercially interactive websites; (2) those websites were capable of, and actually did, sell the allegedly infringing works to an individual in Pennsylvania—even though that individual was Globe Turner itself; and (3) some of the allegedly infringing works were Pennsylvania maps—which would certainly not establish personal jurisdiction alone, but which I do find persuasive to weigh in favor of holding that ConversationPrints directed some of its activities to Pennsylvania residents—I hold that Globe Turner has met its burden of making a *prima facie* showing of personal jurisdiction in the default judgment context, where jurisdictional discovery is limited by nature of ConversationPrints's failure to appear or otherwise participate in the litigation.  See *GuangZhouShiJingHongFuShiYouXianGongSi v. ZhongHuang*, No. 24-cv-1526, 2024 WL 4525515, at *1 (E.D. Pa. Sept. 20, 2024) ("This Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants purposefully and directly target

9

business activities toward consumers in the United States, including in Pennsylvania, through operating online stores via Walmart.com, which constitutes constitutionally sufficient minimum contacts with the forum state.").

The second prong of the personal jurisdiction test is whether the litigation arises out of or relates to at least one of the activities directed to this forum. *See O'Connor*, 496 F.3d at 317. I hold that Globe Turner has met this requirement as well, as the claims for copyright infringement arise directly from ConversationPrints's infringing sales, some of which have occurred in Pennsylvania as evidenced by Globe Turner's receipts of sale with a shipping address in Pennsylvania. *See* Infringement App'x at 285-94; *see also BGSD, Inc.*, 2024 WL 1619279, at *3.

Finally, I hold that the exercise of jurisdiction otherwise comports with fair play and substantial justice. *See O'Connor*, 496 F.3d at 317. To determine whether exercising jurisdiction comports with fair play and substantial justice,

> [a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 113 (1987) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

A defendant "carries the fairness inquiry burden," *BGSD, Inc.*, 2024 WL 1619279, at *3, and "[t]he burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy," *Grand Ent. Grp., Ltd.*, 988 F.2d at 483. I find no reason to conclude that asserting personal jurisdiction over ConversationPrints would offend fair play and substantial justice, especially because ConversationPrints's failure to appear has frustrated this inquiry.

## IV. <u>LEGITIMATE CAUSE OF ACTION</u>

Next, the Court must determine "whether the unchallenged facts constitute a legitimate cause of action." *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015). Globe Turner asserts one count against ConversationPrints for federal copyright infringement pursuant to 17 U.S.C. § 501. To establish copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying is "the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir.1991)).

I conclude that Globe Turner has stated a legitimate claim for copyright infringement. First, Globe Turner has alleged that it is the successor in interest and owner of the copyright for the Copyrighted Works and attached the registration certificates to the Complaint. *See* Compl. ¶¶ 11-12; Ex. A; *see also* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright."). And, "by virtue of its default, Defendant has forfeited its ability to challenge Plaintiff's registration or ownership of a valid copyright." *Prepared Food Photos, Inc. v. David & Sons Meats, LLC*, No. 23-cv-1781, 2024 WL 912454, at *4 (D.N.J. Mar. 4, 2024) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Second, Globe Turner has adequately alleged that ConversationPrints copied the Copyrighted Works without Globe Turner's consent by publishing, reproducing, publicly displaying, and selling identical copies of the Copyrighted Works online. The Court is therefore satisfied that Globe Turner has stated a legitimate claim for copyright infringement.

## V.    ENTRY OF DEFAULT JUDGMENT

Finally, the Court addresses whether it should enter default judgment by assessing three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  In weighing the three *Chamberlain* factors, I hold that entry of default judgment is warranted.

First, a denial of default judgment will prejudice Globe Turner.  A plaintiff "will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate his or her claims." *United States v. Tran*, No. 21-cv-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotations omitted); *see also Trs. of the Nat'l. Elevator Indus. Pension Plan v. Universal Elevator Corp.*, No. 11-cv-3381, 2011 WL 5341008, at *3 (E.D. Pa. Nov. 3, 2011) ("Clearly, Plaintiffs will suffer prejudice if this Court denies their motion for default judgment; Plaintiffs are not receiving payments owed them.").  Here, over seven months have passed since Globe Turner filed suit and five months since it served ConversationPrints, who has not participated in the litigation.  Globe Turner has no other recourse to obtain relief for ConversationPrints's infringement absent litigation, which ConversationPrints has avoided taking part in.

As to the second factor—whether the defendant has a litigable defense—it is well established that when a party does not answer or otherwise respond to the complaint, the Court may presume that it has "no meritorious defense."  *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014).  Therefore, I will presume that ConversationPrints has no litigable defense and find that this factor weighs in favor of default judgment.

The third factor is neutral, if not weighing in favor of default judgment.  Courts are divided on how to weigh whether the defendant's delay is due to its own culpable conduct.  Some courts

consider this factor neutral when the defendant's motivations for not participating in the litigation are unclear, and others find that failure to participate in litigation is sufficient to satisfy culpable conduct. *See Hartford Cas. Ins. Co. v. MRH Contractor, Inc.*, No. 23-cv-1567, 2024 WL 3904049, at *3 (E.D. Pa. Aug. 22, 2024). The fact that an attorney purportedly representing ConversationPrints has been in contact with Globe Turner about the lawsuit but has not entered an appearance or otherwise participated in the case may indicate culpability. *See Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-cv-5412, 2022 WL 1720014, at *3 (E.D. Pa. May 26, 2022) (holding that the defaulting defendant's delay was due to its own culpable conduct where its authorized agent received the complaint and summons but knowingly decided not to enter an appearance or otherwise defend itself in this case). But even if I give ConversationPrints the benefit of the doubt and consider this factor to be neutral, the totality of all three factors weighs in favor of granting default judgment against ConversationPrints.

## VI. RELIEF

Having found that default judgment is appropriate in this case, I now determine the proper relief. Globe Turner seeks an order enjoining ConversationPrints to cease further infringement, an award of statutory damages, an award of attorney's fees, and such other relief as the Court deems appropriate.

### A. Injunctive Relief

Globe Turner asks the Court to grant an injunction:

> temporarily, preliminarily and permanently enjoining Conversationprints, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:
>
> a. Manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling, or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the

>    Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and
>
>    b.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

Compl. at 7-8.

The Court may "grant temporary and final injunctions on such terms at it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To determine whether to grant a permanent injunction, the Court considers whether (1) the moving party has shown actual success on the merits; (2) the denial of injunctive relief will result in irreparable harm to the moving party; (3) granting the permanent injunction will result in even greater harm to the defendant; and (4) the injunction serves the public interest. *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

As discussed above, Globe Turner has shown a likelihood of success on the merits, so the first factor is satisfied. As to the second factor, Globe Turner's claim that "[a]s a direct and proximate result of ConversationPrints' infringing conduct . . . , Globe Turner has sustained and will continue to sustain substantial, immediate, and irreparable injury," Compl. at ¶ 31, is credible given ConversationPrints's default. *See Prepared Foods Photo, Inc. v. La Strada Rest., Inc.*, No. 24-cv-28, 2024 WL 3199918, at *5 (D.N.J. June 25, 2024). The third factor favors injunctive relief because the only harm imposed on ConversationPrints is that it is enjoined from infringing on Globe Turner's copyrights, which it is not entitled to do. *See BGSD, Inc.*, 2024 WL 1619279, at *6. Finally, as to the fourth factor, "it is virtually axiomatic that the public interest can only be served by upholding copyright protections." *Id.* (quoting *Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d. Cir. 1983)). I thus hold that the *Shields* factors weigh in favor of

granting injunctive relief and accordingly enjoin ConversationPrints from further infringing on Globe Turner's copyrights.

### B. Statutory Damages

Globe Turner requests statutory damages in the amount of $1,890,000.00. The Court need not accept as true the moving party's factual allegations in the complaint relating to the appropriate amount of damages. *Broad. Music, Inc.*, 555 F. Supp. 2d at 541. Rather, "[t]he plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 WL 3429444, at *1 (E.D. Pa. June 23, 2020).

"Courts have significant discretion in awarding statutory damages, so long as the award falls between $750 and $30,000 per infringement." *Michael Grecco Prods., Inc. v. Al Día Newspaper, Inc.*, No. 21-cv-4907, 2023 WL 1971164, at *3 (E.D. Pa. Feb. 13, 2023) (citing 17. U.S.C. § 504(c)(1)). However, this amount may increase up to $150,000 per work if the infringement is willful. *See* 17 U.S.C. § 504(c)(2). A defendant's default and decision not to defend may be grounds to conclude that their actions were willful. *See Broad. Music, Inc.*, 555 F. Supp. 2d at 542. In determining the appropriate amount of statutory damages, the Court considers the following factors: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 465 (E.D. Pa. 1987).

Globe Turner has set forth that there are 84 infringed works. *See* ECF No. 13-2 ("Mot.") at 3. It begins by requesting $7,500 per work based on the approximately 1,000 hours per year that it spends updating the maps. *Id.* at 3-4. Globe Turner then asks the Court to increase that per-work amount to $22,500 based on ConversationPrints's willfulness. *Id.* at 4. I agree with Globe

15

Turner that ConversationPrints's infringement was willful, based not only on the fact that ConversationPrints has chosen not to defend this lawsuit, *see Broad. Music, Inc.*, 555 F. Supp. 2d at 542, but also the fact that most of the infringing maps that ConversationPrints posted for sale had Globe Turner's copyright mark present, *see* Mot. at 4.

However, there is still some lack of clarity as to ConversationPrints's expenses saved and Globe Turner's revenues lost. Glober Turner has provided the Court with information as to its estimated damages based on the number of infringing maps posted for sale online, the price points for each size of map sold, an estimated total number of maps sold, and a breakdown of the estimated percentage of sale of each size of map within that total number of maps sold. *See* Infringement App'x at 150-151. However, I request more information beyond these estimations before entering an amount of statutory damages. For example, many courts rely on lost licensing fees as a useful metric in determining the infringer's expenses saved and the plaintiff's revenues lost. *See, e.g.*, *Broad. Music, Inc.*, 555 F. Supp. 2d at 545; *Grant Heilman Photography, Inc. v. Gallagher*, No. 23-cv-1129, 2024 WL 666147, at * 4 (M.D. Pa. Feb. 16, 2024). Therefore, I will schedule a hearing to further explore the appropriate amount of statutory damages, including a discussion of Globe Turner's licensing and royalties regime, if any.

### C. Attorney's Fees

A district court may, at its discretion, award attorneys' fees to a prevailing party in a copyright infringement suit. *See* 17 U.S.C. § 505. Given the willfulness of ConversationPrints's infringement, I find that an award of attorney's fees is appropriate. *See BGSD, Inc.*, 2024 WL 1619279, at *7. Globe Turner's counsel shall file a written accounting of its costs incurred in this matter after the hearing on statutory damages.

## VII.   CONCLUSION

For the reasons discussed more fully above, default judgment is entered against ConversationPrints. An appropriate Order follows.